IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-41328-TLS |
| | ) | |
| DOUGLAS JAY McDERMOTT and | ) | CH. 11 |
| ALICE ELAINE McDERMOTT, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on July 15, 2009,[1] on a Motion to Appoint Trustee, or in the Alternative, Motion to Dismiss Case filed by the United States Trustee (Fil. #172), and an Objection filed by Debtors (Fil. #185).  Steven P. Vinton appeared for Debtors; Jerry L. Jensen appeared on behalf of the United States Trustee; Tim Thompson appeared for First Dakota National Bank ("First Dakota"), as well as Wayne Williamson, senior vice president and loan officer of First Dakota; Brandon Tomjack appeared for Farm Credit Leasing Services Corp. ("Farm Credit"); and Trev Peterson appeared for John Buxton.

The United States Trustee is seeking appointment of a Chapter 11 Trustee, or in the alternative, for dismissal of this case.  The motion is based on the following facts:

1.  The principal management of Debtors' estate had been entrusted to their son, Bruce McDermott.  Both Debtors reside in assisted-living facilities.

2.  Bruce McDermott has failed to pay rent that he owes to the estate and, according to the United States Trustee, has failed to adequately manage Debtors' financial affairs.  At the hearing, Debtors' counsel acknowledged that Bruce McDermott mismanaged Debtors' affairs.

3.  Debtors failed to pay all of the rents they had received to First Dakota, which entity has a lien on the rents.  Further, Debtors failed to provide First Dakota with an accounting of all the rents received.

4.  Not only does Bruce McDermott owe money to Debtors, but Debtors loaned money to him during the pendency of the case without Court authorization.

5.  Debtors are unable to personally manage their farming operations and, even though the case has been pending in Chapter 11 for nearly one year, Debtors have not sought the confirmation of a plan.

---

[1] Judge Timothy J. Mahoney presided over the hearing and took this matter under advisement.  The undersigned presided over all earlier hearings in this case and has had the opportunity to review the record and to listen to the digital audio recording of the hearing.

In response, Debtors state that since the filing of the case, they have substantially reorganized their farming and ranching operation through a partial liquidation of real estate to reduce debt. As a result, one creditor (Metropolitan Life Insurance Company) has been paid in full and the indebtedness to First Dakota has been reduced by $1,200,000.00. In addition, delinquent real estate taxes were paid from the sale proceeds. Further, Bruce McDermott and Debtors have reached an agreement whereby Bruce McDermott will repay past due rents in the amount of $80,000.00 by making four installments of $20,000.00 each, with the first such installment already being paid. Debtors further state that they made the loan to Bruce McDermott without knowing it was improper, and the money was repaid with interest immediately upon demand.

Most importantly, Debtors have recently entered into a management agreement with Agri Affiliates, Inc. to manage their farming operations. Their son is no longer involved in the management of the farming operations. Agri Affiliates, Inc. has entered into leases of real property for 2009, and is in charge of collecting and remitting the rents.

The United States Trustee's motion is based primarily on "gross mismanagement" under 11 U.S.C. § 1104(a)(1). It is important to note, however, that the mismanagement occurred when Bruce McDermott was in charge of Debtors' operations. Debtors have now taken steps to rectify the management situation, particularly by retaining Agri Affiliates, Inc. as the management company for Debtors' operations. Further, repayment of the indebtedness owed by Bruce McDermott is underway, and the improper loan made to Bruce McDermott has been repaid. Accordingly, Debtors have taken and are taking steps to rectify the problems created under the management of their son, Bruce McDermott. Therefore, cause no longer exists for appointment of a trustee or dismissal of this case. Debtors and Agri Affiliates, Inc. appear to be moving in the right direction.

IT IS, THEREFORE, ORDERED that the Motion to Appoint Trustee, or in the Alternative, Motion to Dismiss Case filed by the United States Trustee (Fil. #172) is denied, without prejudice.

DATED: July 29, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  *Jerry L. Jensen
  Steven P. Vinton
  Tim Thompson
  Brandon Tomjack
  Trev Peterson

Movant(*) is responsible for giving notice to other parties if required by rule or statute.