IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-41328-TLS |
| | ) | |
| DOUGLAS JAY McDERMOTT and | ) | CH. 11 |
| ALICE ELAINE McDERMOTT, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on July 15, 2009,[1] on a Motion for Relief from Stay filed by creditor First Dakota National Bank (Fil. #161), and an Objection filed by Debtors (Fil. #170). Steven P. Vinton appeared for Debtors; Jerry L. Jensen appeared on behalf of the United States Trustee; Tim Thompson appeared for First Dakota National Bank ("First Dakota"), as well as Wayne Williamson, senior vice president and loan officer of First Dakota; Brandon Tomjack appeared for Farm Credit Leasing Services Corp. ("Farm Credit"); and Trev Peterson appeared for John Buxton.

First Dakota is a fully secured creditor in this Chapter 11 proceeding. It is secured by real estate, personal property, and an assignment of life insurance cash values. At the commencement of this proceeding (June 13, 2008), Debtors owed First Dakota approximately $2,400,000.00. As a result of prior motions filed by Debtors to use cash collateral and First Dakota for relief from stay, the parties entered into a stipulation, which was filed with this Court on January 26, 2009 (Fil. #114). Under the terms of that stipulation, Debtors were required to take certain actions, including liquidation of property, accounting, and appointment of a farm management company. If Debtors failed to comply with the stipulation and failed to cure after receiving notice of default from First Dakota, then the stipulation provides that First Dakota shall be entitled to relief from the automatic stay without resistance by Debtors.

In support of the motion for relief from stay, First Dakota presented the Affidavit of Wayne Williamson, senior vice president of First Dakota (Fil. #163). Mr. Williamson asserts that Debtors collected 2008 rents but failed to remit them to First Dakota. Instead, it appears Debtors used much of those funds for expenses without the approval of First Dakota or this Court. Mr. Williamson also asserts that Debtors have failed to provide an accounting of the 2008 rents. Pursuant to the terms of the stipulation, First Dakota provided Debtors with a written notice of default and Debtors have failed to cure.

It is undisputed that Debtors did comply with many of their obligations under the stipulation with First Dakota. Debtors have sold real estate and other assets resulting in the payment in full of

---

[1] Judge Timothy J. Mahoney presided over the hearing and took this matter under advisement. The undersigned presided over all earlier hearings in this case and has had the opportunity to review the record and to listen to the digital audio recording of the hearing.

one secured creditor (Metropolitan Life) and payment to First Dakota of approximately $1,200,000.00. Further, Debtors have removed their son from management of their operations and have hired Agri Affiliates, Inc. as their management company as required by the stipulation. Debtors did not, however, comply with their obligation to remit the 2008 rents and account for the 2008 rents. Debtors have blamed much of those problems on their son and point out that they have turned management over to Agri Affiliates, Inc. and have reached a repayment agreement with their son. Further, there does not appear to be any evidence in the record as to the current collateral position of First Dakota after the recent property sales and payments. First Dakota acknowledges that it is over secured. Certain property sales have occurred during the pendency of this case, and First Dakota's indebtedness has been paid down by 50%. The record is not clear as to the value of the remaining collateral securing First Dakota's indebtedness, but there is no assertion by First Dakota that its collateral position is impaired.

Therefore, even though the stipulation has technically been violated, it appears that Debtors have substantially complied with most of their obligations under the stipulation, have employed a third party management company, and have made arrangements with their son, Bruce McDermott, for repayment of at least some of the indebtedness that he owes. Under the circumstances, Debtors should not be penalized for their son's errors. Accordingly, granting relief from the automatic stay to First Dakota at this time would not be appropriate.

IT IS, THEREFORE, ORDERED that the Motion for Relief from Stay filed by First Dakota (Fil. #161) is denied, without prejudice.

DATED: July 29, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Jerry L. Jensen
    Steven P. Vinton
    *Tim Thompson
    Brandon Tomjack
    Trev Peterson

Movant(*) is responsible for giving notice to other parties if required by rule or statute.